UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Ryan J.,[1]

        Plaintiff,

v.

Michelle King,
*Acting Commissioner of Social Security,*

        Defendant.

Case No. 24-cv-1059 (JMB/SGE)

**REPORT AND RECOMMENDATION**

_____

Pursuant to 42 U.S.C. § 405(g) Plaintiff Ryan J. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This matter is before the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Both Plaintiff and the Commissioner have fully briefed their positions, and this matter is now ripe for review. (Pl.'s Br., Dkt. No. 19; Def.'s Br., Dkt. No. 21.) For the reasons below, the Court recommends Plaintiff's request for relief, be **DENIED**, and the Commissioner's request for relief be **GRANTED**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name only his first name and last initial are provided.

1

# I. BACKGROUND

## A. Plaintiff's Claims

Plaintiff filed the social security application involved in this dispute on February 8, 2021. (Tr. 17, 275-81.) Plaintiff alleged a disability onset date of July 27, 2019, but that date was later amended to August 1, 2019. (Tr. 17, 39-40, 275.) This claim was initially denied on April 7, 2021, and again on reconsideration on May 27, 2021. (Tr. 17, 170-73, 186-88.) Plaintiff then requested an Administrative Law Judge ("ALJ") review the denial of her claim. (Tr. 17, 189.) On July 25, 2023, an ALJ held a hearing. (Tr. 36-66.) Plaintiff was represented by an attorney and testified at the hearing. (Tr. 36-66.) Vocational Expert ("VE") Marquita Miller also testified. (Tr. 36-66.) On August 9, 2023, The ALJ issued a decision finding that Plaintiff was not disabled as defined by the Social Security Act. (Tr. 14-35.) Plaintiff sought review of the ALJ's decision by the Appeals Council, which was denied on February 6, 2024. (Tr. 1-5.) Plaintiff filed this action on March 25, 2024. (Dkt. No. 1.)

## B. Regulatory Background

A person is disabled for purposes of the Social Security Act if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

An ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must demonstrate he is not engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the claimant must establish a severe, medically determinable impairment. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the ALJ must determine whether the claimant's impairments, if any, meet or are medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1 ("listed impairments"). 20 C.F.R. § 416.920(a)(4)(iii). If a claimant's impairments meet or are medically equal to a listed impairment then he is disabled under the Act, if not, then the analysis proceeds to step four. At step four, the claimant must produce evidence to establish a residual functional capacity ("RFC")[2] and prove he cannot perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is deemed unable to perform past relevant work, the burden shifts to the Commissioner to prove at step five that claimant can perform other jobs that exist in significant number in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

---

[2] RFC "is the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

### C. Decision Under Review

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 8, 2021. (Tr. 19.) At step two, the ALJ found Plaintiff's degenerative disc disease of the lumbar spine with laminectomy syndrome, status-post intrathecal pump implantation, chronic pain syndrome, sacroiliac joint dysfunction, reactive airway disease, and asthma constituted severe impairments. (Tr. 19.) The ALJ also determined that Plaintiff's mental impairments of anxiety and depression, were non-severe. (Tr. 20-21.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or is equal to the listed impairments. (Tr. 21-22.) At step four, the ALJ made the following Residual Functional Capacity ("RFC") determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can never climb ropes ladders or scaffolds. He may occasionally climb ramps and stairs and frequently balance, kneel and crouch. He may have no exposure to temperature extremes, vibrations, concentrated levels of airway irritants, unprotected heights, or dangerous moving machinery. He may do no commercial driving.

(Tr. 22.) But the ALJ also determined that Plaintiff was unable to perform his past relevant work as a welder or house repairer based on the RFC determination and the testimony from Vocational Expert ("VE") Marquita Miller. (Tr. 28.)

At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff, given his age, education, work experience, and RFC, could perform. (Tr. 29.) Here, again relying on the testimony from VE Marquita Miller, the ALJ found that Plaintiff could perform the job requirements of "merchandise marker,"

4

of which there are 136,000 jobs nationally; "collator operator," of which there are 33,000 jobs nationally; and "router," of which there are 25,000 jobs available nationally. (Tr. 29.) Because the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, the ALJ found that he was not disabled. (Tr. 29-30.)

## II. LEGAL STANDARD OF REVIEW

Following a final decision from the Commissioner, the claimant may elect to seek judicial review of the determination. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. Under this review, the District Court is limited to a determination of "whether the ALJ's decision 'complies with the relevant legal standards and is supported by substantial evidence in the record as a whole.'" *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)); 42 U.S.C. § 405(g). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)).

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th 2001). Essentially, the ALJ's decision should not be disturbed just because the Court might have reached a different conclusion. *Kraus*, 988 F.3d at 1024. The decision of the ALJ to deny benefits will not be reversed by the Court "so long as the ALJ's decision falls within the 'available zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)).

### III. ANALYSIS

"A document filed *pro se* is to be liberally construed." *Olsen as Tr. for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even so, "[p]laintiff bears the burden of developing his arguments and directing the Court to evidence in the record to support it." *Scott H. v. Saul*, No. 20-cv-847 (HB), 2021 WL 2379420, at *7 (D. Minn. June 10, 2021) (citation omitted); *see also Binion v. City of St. Paul*, 788 F. Supp. 2d 935, 950 (D. Minn. 2011) ("This Court does not function as a research assistant for the parties."). "[I]n the social security appeals context, courts in this District try to discern a plaintiff's . . . arguments from their supporting memorandum (if any), their complaint, and sometimes the issues they raised before the SSA Appeals Council." *Dakota J.H. v. Kijakazi*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997419, at *4 (D. Minn. Jan. 10, 2023) (collecting cases), *report and recommendation adopted*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997445 (D. Minn. Feb. 14, 2023).

Reading Plaintiff's Complaint and Brief together, it appears Plaintiff argues that (1) the ALJ erred in finding that his spine and mental health impairments did not meet or medically equal the listing requirements, and (2) the RFC is not supported by substantial evidence. The Commissioner argues the ALJ's decision is supported by substantial evidence.

#### A. Listing Requirements

"The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing" in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1359 (8th Cir. 2022) (quoting *Johnson v.*

6

*Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004)). "To prove that an impairment or combination of impairments equals a listing, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* (quotation omitted). "There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record." *Boettcher v. Astrue*, 652 F.3d 860, 864 (8th Cir. 2011).

Moreover, an ALJ "need not list all the evidence they considered at step three . . . . [B]ecause the ALJ's stated 'reasons(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide [a] rationale that is sufficient for a subsequent reviewer or court to determine' whether the individual met the criteria." *Dakota J.H. v. Kijakazi*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997419, at *6 (D. Minn. Jan. 10, 2023) (quoting SSR 17-2p, 2017 WL 3928306 (Mar. 17, 2017)), *report and recommendation adopted*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997445 (D. Minn. Feb. 14, 2023).

**1. Listing 1.15: Disorders of the Skeletal Spine**

Listing 1.15 "applies to disorders of the skeletal spine." *Hartsough v. O'Malley*, No. 6:24-cv-03045 (DGK/SSA), 2024 WL 4626082, at *3 (W.D. Mo. Oct. 30, 2024).

7

Listing 1.15 has four requirements set out in Subparts A, B, C, and D; all of which must be met. *KKC ex rel. Stoner,* 818 F.3d at 370. Subpart B requires:

> Radicular distribution of neurological signs present during physical examination (*see* 1.00C2) or on a diagnostic test (*see* 1.00C3) and evidenced by 1, 2, and either 3 or 4:
>
> 1. Muscle weakness; and
>
> 2. Sign(s) of nerve root irritation, tension, or compression, consistent with compromise of the affected nerve root (*see* 1.00F2); and
>
> 3. Sensory changes evidenced by:
>    a. Decreased sensation; or
>    b. Sensory nerve deficit (abnormal sensory nerve latency) on electrodiagnostic testing; or
>
> 4. Decreased deep tendon reflexes.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §1.15(B). Subpart D requires:

> Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
> 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
>
> 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or
>
> 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §1.15.

8

At step three, the ALJ found that "there was no concrete evidence of nerve root compression. . . ." (Tr. 22.) The ALJ acknowledged a "'potential' impingement" of a nerve root but noted that Plaintiff had a normal gait and did not use an assistive device. (Tr. 21-22.) At step four, the ALJ pointed out that Plaintiff had normal muscle strength and tone. (Tr. 24-25.) Plaintiff has not shown that he has "muscle weakness" as required by Subpart B or the inability to use an upper extremity or need for an assistive device as required by Subpart D. Additionally, Plaintiff fails to highlight any evidence which the ALJ ignored that would meet the requirements of Listing 1.15. *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) ("We reject out of hand [plaintiff's] conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because [plaintiff] provides no analysis of the relevant law or facts regarding these listings."). And substantial evidence in the record supports the ALJ's finding that Plaintiff failed to meet the listing criteria. (Tr. 392, 407, 591, 602, 635 (normal strength), Tr. 392, 602, 635 (normal gait); Tr. 336 (denying use of assistive device).) Instead, the ALJ's "overall conclusion is supported by the record." *Boettcher*, 652 F.3d at 863.

**2. Listing 12.04: Depressive Disorder**

At step two, the ALJ found that Plaintiff's depression was non-severe. 20 C.F.R. § 416.920(a)(4)(ii). The ALJ made this determination using the Paragraph B criteria. (Tr. 20.) Paragraph B requires:

> Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (*see* 12.00F):
>
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).

9

      3. Concentrate, persist, or maintain pace (see 12.00E3).
      4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §12.04(B).[3] The ALJ found that Plaintiff had a mild limitation with respect to understanding, remembering, or applying information, and no limitations in interacting with others, in concentrating, persisting, or maintaining pace, and adapting or managing himself. (Tr. 20-21.) Substantial evidence supports the ALJ's finding. Plaintiff can understand and follow instructions. (Tr. 335.) He gets along well with others and authority figures. (Tr. 335-36.) He manages his finances, cares for his two children, does his own household chores, and prepares meals. (Tr. 409, 331, 332, 335, 401, 409, 633, 653.) In sum, the record supports the ALJ's finding that Plaintiff's limitations did not meet the Paragraph B requirements, and thus did not meet or medically equal the criteria required for Listing 12.04.

### B. The Additional Evidence

Plaintiff attached a medical record to his Brief in support of his argument that he cannot perform light work. (Pl.'s Br. 2; Dkt. 19-1.) The Commissioner argues this Court cannot consider the Plaintiff's attached medical record because it was not part of the administrative record before the Commissioner at the time of the final decision.

---

[3] An "extreme limitation" is the inability to function "independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00 (F)(2)(e). A "marked limitation" means a seriously limited ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2)(d). A "mild limitation" means an ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2)(b).

Courts may remand a case to the Commissioner to "consider additional evidence, but 'only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993) (quoting 42 U.S.C. § 405(g)). "Material evidence is 'non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner's] determination.'" *Krogmeier v. Barnhart*, 294 F.3d 1019, 1025 (8th Cir. 2002) (alteration in original) (quoting *Woolf*, 3 F.3d at 1215). In other words, "[i]n order to be material, the evidence must relate to [Plaintiff's] condition on or before the date of the ALJ's decision." *Jackson v. Apfel,* 162 F.3d 533, 539 (8th Cir. 1998). "[T]he additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition." *Bergmann v. Apfel*, 207 F.3d 1065, 1069-70 (8th Cir. 2000).

The attached medical record is dated April 12, 2024. (Dkt. No. 19-1.) The ALJ's decision was issued on August 9, 2023. (Tr. 30.) It appears that the medical record is not probative of the Plaintiff's condition on or before the ALJ's decision date, and Plaintiff has not established that it relates back to the period of disability reviewed by the ALJ. *Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) (affirming Appeals Council decision that new evidence was not material because the records described plaintiff's "condition on the date that the records were prepared, not on an earlier date*"*); *Batta v. Astrue*, No. 11-cv-293 (SRN/LIB), 2012 WL 956512, at *14 (D. Minn. Jan. 31, 2012) (finding newly submitted letters did not relate to medical conditions "on or before the date of the ALJ's

11

decision" and declining to remand), *report and recommendation adopted*, No. 11-cv-293 (SRN/LIB), 2012 WL 956506 (D. Minn. Mar. 21, 2012). Rather, the medical record appears to document a "post-decision deterioration of a pre-existing condition," *Bergmann*, 207 F.3d at 1069-70, as it mentions Plaintiff's previous back surgery.[4] Therefore, it is inappropriate to remand this case for consideration of this non-material evidence.

## C. Substantial Evidence Supports the ALJ's RFC

As best this Court can discern, Plaintiff appears to argue that (1) the ALJ failed to properly account for his limitations in the RFC because medical evidence reflects his inability to work without breaks, and (2) the ALJ erred by not relying on VE testimony that a requirement of "twenty percent time off task" would preclude him from competitive work.

"A disability claimant has the burden to establish [his] RFC." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). In formulating a plaintiff's RFC, an ALJ must consider "all of the relevant evidence, including medical records, observations of treating

---

[4] The Court notes that the attached record is handwritten and hardly legible. In any event, it is unlikely that the new record would have changed the Commissioner's determination. *Krogmeier*, 294 F.3d at 1025. "A medical source opinion that an applicant is 'disabled' or 'unable to work' . . . involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Dakota J.H. v. Kijakazi*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997419, at *5 (D. Minn. Jan. 10, 2023) ("An ALJ need not consider a medical source's statements on matters reserved to the Commissioner, such as whether a claimant is disabled or not able to work.") (citation omitted), *report and recommendation adopted*, No. 22-cv-247 (JWB/JFD), 2023 WL 1997445 (D. Minn. Feb. 14, 2023). The regulation describes this evidence as "inherently neither valuable nor persuasive." 20 C.F.R. § 416.920b(c)(3). Here, the attached record opines on whether Plaintiff can work, a matter reserved to the Commissioner. 416.920b(c)(3)(i).

physicians and others, and an individual's own description of [his] limitations." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (alteration in original) (quoting *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013)). "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir.2007).

Plaintiff correctly points out that the VE testified that jobs would not be available for a hypothetical person with a limitation requiring position changes accounting for 20 percent time off task. (Tr. 65.) However, the ALJ found that Plaintiff did not have this limitation. Nor was the ALJ required to rely on this hypothetical because it was not supported by the record. *See Fatholah K. v. O'Malley*, No. 23-cv-1013 (JFD), 2024 WL 4008624, at *6 (D. Minn. Aug. 30, 2024) ("And, the ALJ was not required to give evidentiary value to the second hypothetical since it posed a scenario that was based on only Plaintiff's allegations and was not supported by medical evidence."); *Kraus*, 988 F.3d at 1027 ("[The VE's] answer was not substantial evidence, as the hypothetical person in the second hypothetical did not have the same RFC as [plaintiff.]"); *Holley v. Colvin*, 975 F. Supp. 2d 467, 484 (D.N.J. 2013) ("[T]he ALJ was not required to accept the vocational expert's testimony in response to other hypothetical questions not supported by the record."), *aff'd sub nom. Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167 (3d Cir. 2014).

Specifically, the ALJ found Dr. Davies's opinion that Plaintiff needed frequent position changes unpersuasive and omitted this limitation from the RFC. (Tr. 27.) The ALJ explained that Dr. Davies's opinion "provided no explanation for the . . . need to sit or lay down every thirty minutes," and noted that "those limitations were inconsistent with the

13

evidence in the record" that supported Plaintiff's ability to perform light work. (Tr. 27.) The ALJ noted that Plaintiff's ability to cook, do laundry, mow the lawn, care for his kids, engage in a bar fight, and generally remain active was inconsistent with Dr. Davies's opinion that he needed frequent breaks. (Tr. 27 (citing Tr. 332 (preparing meals, cleaning, doing laundry, mowing lawn, caring for kids), Tr. 409 (amusement park), Tr. 602 (playground), Tr. 633 (remaining active), Tr. 638 (bar fight)).) Moreover, the ALJ noted "[t]he lack of clinical findings on his examinations, in combination with his ability to participate in light activities on a consistent basis, indicated that [Plaintiff] was not as limited in his physical functioning as he asserted." (Tr. 24.)

At bottom, Plaintiff's arguments amount to an invitation for this Court to reweigh the evidence and substitute its opinions for those of the ALJ supported by substantial evidence in the record as a whole. *Schmitt*, 27 F.4th at 1361 ("Despite [Plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence."). This Court concludes, on review of the record as a whole, that substantial evidence in the record supports the ALJ's RFC determination.

## IV.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein**, IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's request for relief (Dkt. No. 19) be **DENIED**.

2. The Commissioner's request for relief (Dkt. No. 21) be **GRANTED**.

3. The denial of benefits be **AFFIRMED**.

Dated: January 27, 2025                    *s/Shannon G. Elkins*
                                           SHANNON G. ELKINS
                                           United States Magistrate Judge

## NOTICE

**Filing Objections**:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).